IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, as subrogee of Norman Heinzelman; <br><br> Plaintiff, <br><br> vs. <br><br> BISSELL HOMECARE, INC., <br><br> Defendant. | 4:24CV3206 <br><br><br> **FIRST AMENDED FINAL PROGRESSION ORDER** |

This matter comes before the court on Defendant's Unopposed Motion to Extend the Final Progression Order. (Filing No. 39). For good cause shown, the motion is granted. Accordingly, IT IS ORDERED that the final progression order is amended as follows:

1) The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings scheduled on **April 8, 2026 is continued** and will now be held with the undersigned magistrate judge on **June 10, 2026** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 20).

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is May 15, 2026. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by May 29, 2026.

   **Note:** A discovery motion (including a motion to compel, to quash, or for a disputed protective order, or any motion regarding the scope and production of ESI) cannot be filed without first: a) thoroughly discussing the issue with opposing counsel in good faith (NECivR 7.1(j)); and then b) contacting the chambers of the undersigned magistrate judge to set a conference for

discussing the parties' dispute. The failure to contact the court prior to filing a discovery motion may result in an order striking the motion.

3) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s):    May 18, 2026.

    For the defendant(s):    June 15, 2026.

    Plaintiff(s)' rebuttal:    June 29, 2026.

4) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s):    June 15, 2026.

    For the defendant(s):    July 16, 2026.

    Plaintiff(s)' rebuttal:    July 30, 2026.

5) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is August 28, 2026.

    a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is ten (10).

    b. Depositions will be limited by Rule 30(d)(1).

6) The deadline for filing motions to dismiss and motions for summary judgment is September 28, 2026.

7) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is August 28, 2026.

8) Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

to the first day of trial. Counsel should plan accordingly.

9) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

10) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 13th day of January, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge